UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEON BLOUNT III<br><br>Defendant | CRIMINAL No. 23-cr-10011-ADB |

GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by Joshua S. Levy, Acting United States Attorney, and Brian A. Fogerty, Assistant United States Attorneys for the District of Massachusetts, recommends that the Court accept the parties' plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C), and sentence defendant Leon Blount III to serve 144 months in prison, 60 months of supervised release, and order him to pay restitution in the following amounts: $182,600 to Jane Doe 1; and $31,900 to Jane Doe 2.

**Background**

I. Blount's Offense

Between July and August 2022, the defendant repeatedly caused a then-17-year-old girl (hereinafter, "Jane Doe 2") to engage in commercial sex in various places in Massachusetts, New York, and Connecticut. And he did all of this for his own financial benefit.

In July 2022, Blount recruited Jane Doe 2 while she was living at a group home for transitional age adolescents. He approached her while she was walking on a street in Lowell, Massachusetts, and shortly thereafter gave her alcohol and marijuana. Jane Doe 2 told Blount that she was at least 18 years old. During Blount's efforts to recruit Jane Doe 2, Blount told her that

she could make money and live a luxurious lifestyle. However, he did not immediately reveal that his plan involved having her engage in commercial sex acts with strangers.

Several days later, Blount began transporting Jane Doe 2 so she could engage in commercial sex for his financial benefit. Blount drove Jane Doe 2 to New York and directed her to engage in street-based prostitution in Brooklyn.[1] There, Jane Doe 2 performed commercial sex acts for buyers in order to earn money for Blount.

On or about August 1, 2022, Blount took Jane Doe 2 back to Massachusetts, harboring her in a hotel in Woburn. Days later, he took Jane Doe 2 to Hartford, Connecticut, where he harbored her at another hotel. Commercial sex ads were posted on the internet to attract potential sex buyers for Blount's operation.

While acting at Blount's direction, Jane Doe 2 performed commercial sex acts for sex buyers. She gave the defendant the proceeds of those commercial sex acts, either handing him the cash or sending him the money via Cash App.

During this time period, Jane Doe 2 was afraid of Blount. She observed him participating in a FaceTime video call with another person who appeared to be a pimp or trafficker. Jane Doe 2 saw the defendant watching the other pimp beat one of that pimp's victims. Jane Doe 2 also observed the defendant and the other pimp laughing about the beating.

On January 12, 2023, a federal grand jury returned a four-count indictment, charging Blount with Sex Trafficking by Force, Fraud, or Coercion targeting Jane Doe 1, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), and three counts of Transportation of a Minor with Intent to Engage in Criminal Sexual Activity targeting Jane Doe 2, in violation of 18 U.S.C. § 2423(a).

---

[1] Two other women who were at least 18 years old—Jane Doe 1 and Jane Doe 3—traveled with Blount and Jane Doe 2.

II.     Plea Agreement and Sentencing Guidelines.

On January 24, 2024, Blount pleaded guilty to Counts 2–4 of the indictment, in which he is charged with Transportation of a Minor with Intent to Engage in Criminal Sexual Activity targeting Jane Doe 2.  ECF No. 67.  Blount pleaded guilty pursuant to a plea agreement under Rule 11(c)(1)(C), in which the government agreed to dismiss Count 1 (Sex Trafficking by Force, Fraud, or Coercion targeting Jane Doe 1), and the parties agreed, among other things, to recommend a sentence within the range of 132 to 144 months in prison.  ECF No. 66.  The plea agreement also contains a stipulated guideline calculation, concluding that Blount's total offense level is 29.  ECF No. 66 at 2.

The sentencing guideline calculation in the presentence report is correct and consistent with the parties' agreed calculation.  ECF No. 66 at 2.  Specifically, Probation has correctly determined that the base offense level is 28, pursuant to U.S.S.G. § 2G1.3(a)(3).  Two 2-level enhancements apply for the specific offense characteristics for use of a computer, pursuant to U.S.S.G. § 2G1.3(b)(3), and the offense involving a commercial sex act, pursuant to § 2G1.3(b)(4)(A)(ii).  Accordingly, after a 3-level reduction for acceptance of responsibility, the presentence report correctly concludes that the total offense level is 29, and Blount falls within Criminal History Category VI.  Therefore, the applicable sentencing guideline range is 151 to 188 months in prison.  PSR at 29.

## Argument

I.     The Court should accept the plea agreement and sentence Blount to serve 144 months in prison.

The government requests that the Court accept the parties' plea agreement because the contemplated sentence satisfies the sentencing factors under 18 U.S.C. § 3553(a) and provides a just resolution.

      a. <u>The nature and circumstances of the offense warrant the 144-month sentence</u>.

The nature and circumstances of Blount's offense warrant a sentence of 144 months in prison. *See* 18 U.S.C. § 3553(a)(1). Blount lured a 17-year-old victim into the dangerous world of commercial sex. Telling her that she could make money, he instead caused her to have sex with strangers to make money for him. Each one of these encounters could have exposed Jane Doe 2 to physical and psychological harm. In this case, a sentence of 144 months is appropriately calibrated to account for those risks and any resulting harm Blount caused.

      b. <u>The 144-month sentence is critical to deterring Blount and others who consider similar conduct</u>.

The sentence the government recommends will also serve the important purpose of deterring Blount and others who use minors to engage in commercial sex. *See* 18 U.S.C. §§ 3553(a)(2)(B). A 144-month term will be the longest period of incarceration Blount has experienced. Moreover, the sentence the government recommends should give other potential traffickers pause when they consider using minors to engage in commercial sex.

      c. <u>The defendant's swift acceptance of responsibility supports the variance</u>.

The defendant's relatively swift acceptance of responsibility supports the downward variance in this case. Blount was initially charged by criminal complaint on December 29, 2022. ECF No. 3. The grand jury returned the indictment on January 12, 2023. ECF No. 11. While Blount pleaded guilty approximately one year later, his counsel and the government were engaged in plea discussion well before the date of his Rule 11 hearing. Moreover, Blount's decision to accept responsibility, pay full restitution, and decline to subject the minor victim to the ordeal of trial supports the variance the government now seeks.

II.     The Court should order the agreed-upon restitution amounts.

The government requests that the Court order restitution in the amounts identified below. Under the terms of the plea agreement, Blount agreed to pay restitution to Jane Doe 1 and Jane Doe 2. ECF No. 66 at 3. The parties have agreed to the restitution amounts identified below:

Jane Doe 1

| Description | Amount | Statutory Basis |
| --- | --- | --- |
| Property damage at apartment | $10,000 | 18 U.S.C. § 3663A(b)(1)(B) |
| Security deposit for apartment | $2,600 | 18 U.S.C. § 3663A(b)(1)(B) |
| Gross income or value to the defendant of the victim's services or labor | $170,000 | 18 U.S.C. §§ 1593(b)(1), (c) and 18 U.S.C. § 2259 |
| Total: $182,600 | | |

Jane Doe 2

| Description | Amount | Statutory Basis |
| --- | --- | --- |
| Clothing, Make-up, and Insulin | $400 | 18 U.S.C. 3663A(b)(4) |
| Gross income or value to the defendant of the victim's services or labor | $31,500 | 18 U.S.C. § 2429(b)(3) and 18 U.S.C. § 2259 |
| Total: $31,900 | | |

III.    Considerations under the Crime Victim Rights' Act, 18 U.S.C. § 3771.

The government hereby notifies the Court that Jane Doe 1 and/or Jane Doe 2 may attend the sentencing hearing and exercise their respective rights to address the Court prior to the imposition of sentence. *See* 18 U.S.C. § 3771(a)(4).

**Conclusion**

For the foregoing reasons, the government respectfully requests that the Court accept the parties' plea agreement and sentence defendant Leon Blount III to serve 144 months in prison, followed by 60 months of supervised release, and order the defendant to pay restitution in the amounts identified herein.

          Respectfully submitted,

          JOSHUA S. LEVY
          Acting United States Attorney

By:    /s/ Brian A. Fogerty
          BRIAN A. FOGERTY
          Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

    /s/ Brian A. Fogerty
BRIAN A. FOGERTY
Assistant United States Attorney


Date: July 21, 2024